UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HIDAJETA DEDOVIC,

    Plaintiff,

v.

                                    Case No. 1:23-cv-1268

COMMISSIONER OF SOCIAL SECURITY,        HON. JANE M. BECKERING

    Defendant.
_____/

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 14). Defendant did not file a response. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

I. Background

Plaintiff filed for DIB alleging chronic pain, fibromyalgia, and other conditions. Plaintiff attended a hearing before the Administrative Law Judge (ALJ) on March 22, 2023 (ECF No. 6-2 at PageID.58). The ALJ allowed Plaintiff to submit additional medical documents into the record for up to fourteen days afterward (ECF No. 6-2 at PageID.91). Plaintiff submitted three exhibits:

(1) medical records from the Lansing Institute of Behavioral Medicine; (2) medical records from Life Stance Health; and (3) medical records from Doctors of Physical Therapy (the "physical therapy records") (ECF No. 6-2 at PageID.33). The physical therapy records report pain and a reduced range of motion with respect to Plaintiff's cervical spine, knees, shoulders, lumbar spine, and hip joint (ECF No. 6-12 at PageID.2483–84).

On May 2, 2023, the ALJ issued her decision denying Plaintiff's claim for benefits (ECF No. 6-2 at PageID.49). On the first page of the decision, the ALJ identified the three later-submitted medical records by name, date of submission, and exhibit number (ECF No. 6-2 at PageID.33). In a subsequent portion of the ALJ's decision, the ALJ identified and described some of the medical records appearing in the record (ECF No. 6-2 at PageID.42–48). The ALJ did not identify or discuss the later-submitted records (*id.*). The issue presently before the Court concerns the determination of the ALJ that Plaintiff retained the Residual Functioning Capacity (RFC) to perform light work, [1] subject to certain limitations (ECF No. 6-2 at PageID.40):

> [The ALJ found] that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except limited to frequent finger and handle. The claimant can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. She can never climb ladders, ropes, or scaffolds, and can have no exposure to unprotected heights, dangerous moving machinery, uneven terrain, and vibration. She can have no exposure to extreme cold, extreme heat, humidity, and wetness. She should avoid concentrated exposure to environmental irritants (fumes/dusts/gases/odors) or poorly ventilated areas. She is limited to simple, routine tasks, performed in a work environment free of fast-paced production requirements, involving occasional simple, work-related decisions and routine workplace changes. She can have no direct interaction with the general public and can have occasional interaction with coworkers and supervisors.

(ECF No. 6-2 at PageID.40).

---

[1] "[A] job is in this category when it requires a good deal of walking or standing—the primary difference between most sedentary and most light jobs. … Relatively few unskilled light jobs are performed in a seated position." Social Security Ruling (SSR) 83-10.

In Plaintiff's brief in support of her appeal, in part, Plaintiff asserted that the ALJ's assessment of her RFC was not supported by substantial evidence because the ALJ did not consider all relevant evidence in the record when making the RFC assessment (ECF No. 10 at PageID.2519–2522). Plaintiff argued that the ALJ failed to consider the records Plaintiff submitted after the hearing (ECF No. 10 at PageID.2520). Specifically, Plaintiff argued that a physical therapy evaluation (Exhibit 36F, ECF No. 6-12 at PageID.2481–2509) contained relevant information inconsistent with the ALJ's determination of her RFC (ECF No. 10 at PageID.2521).

The Magistrate rejected Plaintiff's argument that the ALJ failed to consider the physical therapy records, reasoning that the ALJ "expressly stated that she based her opinion on the full record before her" and that "the three exhibits contribute to the overall inconsistency of the medical evidence in the record, which the ALJ considered and found significant in her RFC analysis" (*id.* at PageID.2557). It is this portion of the R&R to which Plaintiff now objects (ECF No. 14 at PageID.2565).

## II. Legal Standard

As the Magistrate Judge stated, the scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision (R&R, ECF No. 13 at PagID.2551 (citing *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989))). Substantial evidence is more than a scintilla but less than a preponderance (*id.* (citing *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992))). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion (*id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993))). In applying this standard, a court must consider the evidence as a whole, while accounting

for whatever in the record fairly detracts from its weight (*id.* (citing *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984))). The Sixth Circuit has stated that "even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007). Though even where a claimant has been deprived of a substantial right, the decision may, in a "rare case," be upheld if the ALJ committed harmless error. *See id.* at 749.

### III. Analysis

*A. Plaintiff's Argument*

Plaintiff argues in her objection that the ALJ did not comply with Social Security Ruling 96-8p, which provides that the RFC will be based on all relevant evidence in the record and that the ALJ will explain material inconsistencies.[2] Plaintiff argues that the physical therapy records, which the ALJ did not cite in her analysis, document "limitations and severe restrictions" that "concerned [Plaintiff's] ability to perform basic functions such as ambulating, walking and material handling and [] were inconsistent with the demands of light work" (ECF No. 14 at PageID.2568). Plaintiff acknowledges that, as explained by the Sixth Circuit, "an ALJ can consider all the evidence without directly addressing in [their] written decision every piece of evidence submitted by a party" (ECF No. 14 at PageID.2566 (quoting *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006))). Plaintiff argues that *Kornecky* is distinguishable because, here, the ALJ's alleged overlooking of the later-submitted evidence was not harmless

---

[2] Later in her brief, Plaintiff also quotes *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014) ("[T]he ALJ must consider all evidence in the record when making a determination…") and cites to § 404.1520(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled.").

4

(*id.*). Plaintiff argues that the physical therapy records represented "the most recent physical evaluation of Plaintiff's condition," suggested that her symptoms had "not improved as the ALJ indicated but instead [had] worsened over time," and were "inconsistent with the older evidence cited by the ALJ that purportedly showed improvement with treatment" (ECF No. 14 at PageID.2569).

As a threshold matter, Plaintiff's argument in her objections, like her argument in her initial brief, concerns solely the physical therapy records (ECF No. 6-12 at PageID.2481–2509). Therefore, the Court confines its analysis to the physical therapy records as well. Additionally, to the extent that Plaintiff attempts to argue that it was her physical therapist's *opinion* that Plaintiff was suffering from functional deficits incompatible with the ALJ's RFC determination, the Court notes that the Magistrate Judge determined "Plaintiff [made] no argument concerning a specific medical opinion"—and has, therefore, waived any argument that ALJ erred when evaluating medical opinion advice (R&R, ECF No. 13 at PageID.2557). Plaintiff does not object to this conclusion.

Accordingly, the objection now properly before the Court is solely based upon the allegedly overlooked "signs and recorded observations" in the physical therapy records (ECF No. 14 at PageID.2565). These notations, as the government observed in its brief to the Magistrate Judge, "record[ed] Plaintiff's subjective complaints and [found] some limitations in her cervical and lumbar ranges of motion secondary to pain" (ECF No. 11 at PageID.2537).

B. *Whether the ALJ Considered the Later-Submitted Records*

As the Magistrate Judge noted, the ALJ "expressly stated that she based her opinion on the full record before her" (R&R, ECF No. 13 at PageID.2557 (citing ECF No. 6-2 at PageID.34, 40–41)). In addition, the Court notes that the ALJ acknowledged the three documents submitted post-

hearing by name, source, and exhibit number on the first page of the ALJ's decision (*id.* at PageID.33).  The ALJ also noted that Plaintiff had been referred to physical therapy and, in mid-February 2023, had been "advised to continue with exercises to strengthen her knee" (ECF No. 6-2 at PageID.45).  Moreover, contrary to Plaintiff's argument, the ALJ's analysis is entirely consistent with the ALJ having considered the physical therapy records and having resolved any inconsistencies introduced by those records.

      The portions of the physical therapy records properly relied upon in the instant objection "note that Plaintiff was suffering from reduced range of motion with respect to her cervical spine, knees, shoulders, lumbar spine, and hip joint" (R&R, ECF No. 13 at PageID.2556 (citing ECF No. 6-12 at PageID.2483–2484)).  And they document Plaintiff's reports, during her examination, of pain (ECF No. 6-12 at PageID.2483–2484).  The content of the physical therapy records thus largely reflects Plaintiff's subjective complaints of pain, which the ALJ included in her analysis (ECF No. 6-2 at PageID.42 (ALJ noting that Plaintiff "reported having an average pain level of seven to eight of ten" from her lower back and joints)).  Overall, however, the ALJ found that the medical evidence and other evidence from the record was not entirely consistent with Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms (ECF No. 6-2 at PageID.41).  One reason the ALJ gave for this finding was the lack of medical imaging results showing anything more than mild to moderate degenerative changes (ECF No. 6-2 at PageID.46).  This finding is consistent with the physical therapy records.  The "health history" section of the physical therapy records plainly states: "E-Rays taken with no results noted" (ECF No. 6-12 at PageID.2482).

      Plaintiff's argument that the physical therapy records generate "substantial doubt" that the ALJ would have made the same finding if she had considered them rely almost entirely on the

record of a February 2023 physical therapy appointment (ECF No. 14 at PageID.2567–2568 (citing ECF No. 6-12 at PageID.2481–2489)).  According to Plaintiff, the records of this appointment and a subsequent appointment on March 2, 2023 show her condition had "not improved as the ALJ indicated but instead [had] worsened over time" and are "inconsistent with the older evidence cited by the ALJ that purportedly showed improvement with treatment" (ECF No. 14 at PageID.2569). In support of her argument, Plaintiff expressly represents that the February 2023 physical therapy evaluation is "the last time in the record that Plaintiff was examined by a professional" (ECF No. 14 at PageID.2567).  However, it is not.  In fact, Plaintiff was examined by the physical therapist on subsequent occasions, the latest of which appears to have been on March 21, 2023 (ECF No. 6-12 at PageID.2503).  At that time, though the records continue to note pain, restricted mobility, and mostly slow progress, the assessment states: "Significant improvements demonstrated with measures today" (*id.* at PageID.2506).[3]

In short, the Court rejects Plaintiff's argument that the ALJ failed to consider certain medical records.  For the same reasons that the Court concludes that the ALJ did not fail to consider the later-submitted records, the Court necessarily also concludes that it is not "in substantial doubt" whether the ALJ would make the same finding on remand.  *See Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014).  Thus, even assuming *arguendo* that the ALJ failed to consider the physical therapy records, this omission did not prejudice Plaintiff.[4]  The Court agrees

---

[3] In addition, on that date and at her earlier physical therapy appointments, Plaintiff rated her own health as "good" (*id.* at PageID.2505).

[4] Plaintiff does not object to the Magistrate Judge's conclusion that "there is … substantial evidence supporting the ALJ's finding that '[Plaintiff's] statements concerning the intensity, persistence, and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record" (*id.* at PageID.2557 (citing ECF No. 6-2 at PageID.41)).  Plaintiff's objection is limited to her argument that the ALJ's alleged overlooking of objective evidence warrants remand under the substantial evidence standard.

7

with the Magistrate Judge that "Plaintiff's argument is essentially that the ALJ should have weighed and evaluated the evidence differently" (R&R, ECF No. 13 at PageID.2563 (citing *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 126 (6th Cir. 2003)). "This is not grounds for relief" (*id.*).

Finally, though this portion of her argument is underdeveloped, Plaintiff appears to argue as an independent basis for relief that remand is proper because the ALJ deprived her of a substantial right. *See* ECF No. 14 at PageID.2570 (citing *Bowen*, 478 F.3d at 756). However, unlike the plaintiff in *Bowen*, Plaintiff, here, does not argue that the ALJ failed to follow the SSA regulations pertaining to the opinion of a physician. Plaintiff does not explain how either Social Security Ruling 96-8p—or, to the extent she relies upon it, 20 C.F.R. § 404.1520(a)(3)—establish a substantial right, let alone one that was violated here. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (a procedural right is "substantial" when the regulation defining the procedure "is intended to confer a procedural protection on the party invoking it"); *Kornecky*, 167 F. App'x at 498 n.2 ("SSRs are binding on the SSA, [20 C.F.R. § 402.160 (effective January 17, 2025)], but they do not have the force of law") and at 507 (indicating that courts generally need not necessarily remand to the ALJ to fix procedural defects where the then-effective regulation at issue in *Wilson* does not apply). Accordingly, Plaintiff is not entitled to relief on this basis. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to… put flesh on its bones.").

For these reasons, Plaintiff's appeal is properly denied.

**IT IS HEREBY ORDERED** that the Objections (ECF No. 14) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 13) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: March 21, 2025    /s/ Jane M. Beckering
　　　　　　　　　　　　　　　　　　　　JANE M. BECKERING
　　　　　　　　　　　　　　　　　　　　United States District Judge